## MILES TERRY v. THE STATE.

*No. 3763.    Decided December 2.*

1. **Misdemeanor — Judgment When the Punishment is Fine Only — Sufficiency of.**— Article 805, Code of Criminal Procedure, provides that "When the punishment assessed against a defendant is a pecuniary fine only, the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all the costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid, or if the defendant be not present, that a *capias* forthwith issue commanding the sheriff to arrest the defendant and commit him to jail until such fine and costs are paid. Also, that execution may issue against the property of such defendant for the amount of such fine and costs." *Held*, in contemplation of this statute, a judgment which recited as follows, viz., "It is therefore ordered, adjudged, and decreed, that the State of Texas do have and recover of and from said Miles Terry the sum of $10, and all costs of this prosecution, for which execution may issue, and that he be remanded to the custody of the sheriff until said fine and all costs are fully paid as the law provides; and that should he escape from custody *capias pro fine* may issue," is a good and sufficiently valid final judgment, from which an appeal may properly be prosecuted.

2. **Same—Cases Overruled.**—Heatherly v. The State, 14 Texas Court of Appeals, 21; Braden v. The State, Id., 22; Want v. The State, Id., 24, are overruled, in so far as they conflict with the above ruling.

**3. Final Judgment, What is.**—A judgment is always final if it terminates the rights of the parties with reference to the particular suit. It is not necessary that the judgment be upon the merits; if it definitely puts the case out of court it is final.

APPEAL from the County Court of Falls. Tried below before Hon. S. R. Scott, County Judge.

Appellant was indicted, tried, and convicted for betting at a gaming table and bank, kept for purposes of gaming. His punishment was assessed at a pecuniary fine of $10. The Assistant Attorney-General moved to dismiss the appeal upon the ground that the judgment appealed from was not a final judgment. This motion is the subject discussed in the opinion, and the motion was overruled. Subsequently the judgment was affirmed without a written opinion.

No brief on file for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

HURT, JUDGE.—The indictment charges that appellant did bet at a gaming table or bank kept and exhibited for the purpose of gaming.

The judgment entered in the court below is as follows: "This day, this cause coming on to be heard, came the State of Texas by her county attorney, and the defendant in person and by attorney, and announced ready for trial. Thereupon came a jury of good and lawful men, to-wit, J. T. Brewer and five others, who were impanelled and sworn as the law directs. * * * Upon the indictment being read, the defendant to the charge therein of unlawfully betting at a gaming table and bank kept and exhibited for the purpose of gaming, pleaded not guilty. The jury having heard the indictment read, the plea of defendant, evidence, and argument of counsel, and charge of the court, retired to consider of their verdict, and after due deliberation returned into court the following verdict, to-wit: 'We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment at a fine of $10. J. T. BREWER, Foreman.' It is therefore ordered, adjudged, and decreed, that the State of Texas do have and recover of and from said Miles Terry the sum of $10 and all costs of this prosecution, for which execution may issue, and that he be remanded to the custody of the sheriff until said fine and all costs are fully paid, as the law provides; and that should he escape from custody, *capias pro fine* may issue."

A motion to dismiss the appeal is made on behalf of the State, on the ground that there is no final judgment in the court below from which an appeal can be prosecuted to this court; that in what purports to be the judgment there is no order, direction, or decree that defendant be committed to the county jail until the fine and costs are paid.

Article 805, Code of Criminal Procedure, provides: "When the punishment assessed against a defendant is a pecuniary fine only, the judgment shall be that the State of Texas recover of defendant the amount of such fine and all the costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid; or, if the defendant be not present, that a *capias* forthwith issue commanding the sheriff to arrest the defendant and commit him to jail until such fine and costs are paid; also, that execution may issue against the property of such defendant for the amount of such fine and costs."

In this case there is a judgment "that the State of Texas do have and recover of the defendant the sum of $10 and all costs of the prosecution, for which execution may issue." Is this such a judgment as can be appealed from? Is this judgment final? To be a final judgment, must it contain all the requisites named in the article quoted? that is, that the defendant, if present, be committed to jail; and if not present, that a *capias pro fine* issue.

The Assistant Attorney-General contends that to be a final judgment the court must decree and order, (1) that the State of Texas do have and recover of defendant the amount of the fine and costs; (2) that if the defendant is present, it must order that he be committed to jail until such fine and costs are paid; (3) if not present, that it must order that a *capias pro fine* issue; (4) that execution may issue against the property of defendant for the amount of the fine and the costs. The contention is, that if either of these things be omitted in the particular case, the judgment is not final, and hence can not be appealed from. If this be correct, then the judgment in this case is not final and the motion to dismiss must be sustained; and it also follows, if the proposition is correct, that no part of the judgment can be enforced.

Suppose the defendant is in fact present, and the judgment omits to commit defendant to jail, then that part of the judgment which decrees that the State recover of defendant the fine and costs is absolutely worthless, and it can not be enforced, simply because the judgment is not final. Again, if any part of the judgment can be enforced, the right to appeal obtains. This is a self-evident proposition.

We are led to inquire, what is a final judgment? Mr. Black, in his work on Judgments (volume 1, section 21), defines a "final judgment" thus: "A final judgment is such a judgment as at once puts an end to the action by declaring that the plaintiff has or has not entitled himself to recover the remedy for which he sues. It is sometimes said that it is the award of the judicial consequences which the law attaches to the fact, and which determines the subject matter of the controversy between the parties. It is evident, however, that this is too narrow; for a final judgment means not a final determination of the rights of the parties with reference to the subject matter of the litigation, but merely of their right with reference to the particular suits. In other

words, it is not at all necessary that the judgment should be upon the merits, if it definitely puts the case out of court. A judgment of nonsuit or dismissal is final though it does not reach the merits. It is the termination of the individual action which marks the finality of the judgment. But there must be an actual judgment. An order for judgment is not a final judgment; it is final only when it contains the decision or sentence of the law upon the matter contained in the record. The order must be followed by the sentence of the law declaring that the party may recover the sum adjudged. On the other hand, a judgment is as final when pronounced by the court as when entered and recorded by the clerk. Where a motion for new trial has been made and entertained by the court, the judgment in the case does not become final and effectual, for purpose of review, until the date of the overruling of such motion.''

Now, in the case before us, the judgment contains this order: "It is therefore adjudged and decreed, that the State of Texas do have and recover of and from said Miles Terry the sum of $10 and all costs of this prosecution, for which execution may issue." Let it be conceded that it does not commit defendant to jail until the fine and costs are paid, is this a final judgment? Is the individual action of The State v. Miles Terry terminated? Most evidently it is. Does the judgment declare that the State (the plaintiff) has entitled itself to recover the remedy for which it sues? Certainly it does, and the judgment must therefore be final. To be final, it need not be a final determination of the rights of the parties with reference to the subject matter of the litigation; it is final if it terminates the rights of the parties with reference to the particular suit. It is not necessary that the judgment be upon the merits; if it definitely puts the case out of court, it is final. We are of opinion that this is a final judgment.

It will be observed that the statute does not say that the judgment shall not be final unless it contains all of the provisions named in the statute. What in fact is the judgment in this case? It is that the State recover of Miles Terry $10 and all costs of the prosecution. To this and nothing more was the State entitled. Now, to render certain the collection of the fine and costs, the other provisions were added. If when such a judgment is rendered, or before the entry of such a judgment, the defendant should pay the $10 and costs, would it be necessary to insert in the judgment that he be committed to jail until the fine and costs are paid? Evidently not. Hence we conclude that the provision in article 805 as to the commitment, the issuance of a *capias*, and the issuance of execution were inserted to secure and make more certain the collection of the fine and costs.

Again, if upon the judgment in this case execution should issue, and under it a levy be made upon property of defendant, could he enjoin the

sale of his property on the ground of no final judgment? This he could do if the contention of the State be correct; but we are certain that he could not, because the judgment is final; and if final, the right to appeal exists.

Let us examine judgments in misdemeanor cases in which both pecuniary fine and imprisonment constitute the punishment. Suppose the verdict imposed a penalty of $100 and twenty days in jail, and upon that verdict a judgment is entered as follows: "It is therefore considered, ordered, and adjudged by the court, that the State of Texas do have and recover of A B said fine of $100 and all costs of this prosecution; and that said A B (being present in court) be committed to the custody of the sheriff, who shall forthwith confine him in the jail of ———— county for twenty days." Would such judgment be final? We think it would. Suppose, upon such a verdict, the first part of this judgment be omitted—that is, there is no judgment for the $100, but one for the imprisonment of twenty days. Would this be a final judgment authorizing the imprisonment of defendant for the twenty days? Certainly it would be, and the defendant could not obtain release by *habeas corpus* upon the ground that the court had failed to give the State judgment for the money. And this would be so if the court gave judgment for the money and omitted judgment for imprisonment.

The following decisions, in so far as they are in conflict with this opinion, are overruled: Heatherly v. The State, 14 Texas Ct. App., 21; Braden v. The State, Id., 22; Want v. The State, Id., 24. The motion to dismiss the appeal is overruled.

*Motion overruled.*

Judges all present and concurring.