EX PARTE LEVI DICKERSON.

*No. 3741.    Decided December 5.*

1. **Habeas Corpus—Misdemeanor Judgment.**—The writ of *habeas corpus* can not be used for the purpose of impeaching the validity of a misdemeanor judgment, under the provisions of article 805, Code of Criminal Procedure, upon the ground that said judgment is void because it fails to order the issuance of execution. Such judgments are not void. Terry v. The State, *ante*, p. 408.

2. **Same.**—The judgment of a court of competent jurisdiction can not be impeached collaterally by *habeas corpus* for errors or irregularities not extending so as to embrace the question of power or jurisdiction in the court to act, as was sought to be done in this case.

3. **Same—Void and Voidable.**—If the proceeding under which a party is held in custody or restrained of his liberty is voidable, and not void, he can not invoke the remedy afforded by a writ of *habeas corpus*. It is only where the proceeding is void that the writ of *habeas corpus* may be resorted to.

4. **Misdemeanor Judgment, Final When.**—A misdemeanor judgment imposing a fine is final, though it fails to order issuance of execution, and such judgment can be enforced by *capias pro fine*, or by execution, or by both. Terry v. The State, *ante*, p. 408.

APPEAL from the County Court of Guadalupe. Tried below before Hon. James Greenwood, County Judge.

The facts of the case are stated in the opinion.

*Emil Mosheim* and *Ireland, Burges & Dibrell*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The relator was convicted of a misdemeanor, and fined $100 and given a term of six months in the county jail. The only irregularity complained of in the judgment was its omission to

order the issuance of execution for the fine and cost. *Capias pro fine* issued upon this judgment, and the relator was arrested and placed in jail.

He resorted to a writ of *habeas corpus* for his discharge. Upon the hearing of the writ the county attorney moved to dismiss the same, which motion was sustained, and relator was remanded to custody.

The point relied on by the relator for his discharge is the want of finality in the judgment, in omitting to order execution to issue, as provided by article 805 of the Code of Criminal Procedure. Will this omission render the judgment void and authorize a discharge of the relator?

The judgment of inferior courts can only be attacked by writ of *habeas corpus* for such illegalities as render them void. Ex Parte Gibson, 31 Cal., 619. Erroneous judgment of inferior courts having jurisdiction of the subject matter and of the person can not be successfully attacked upon *habeas corpus*, unless they are so far erroneous as to be absolutely void. 9 Am. and Eng. Encyc. of Law, p. 222, and note 2. "The judgment of a court of competent jurisdiction can not be impeached on a collateral attack by *habeas corpus* for errors or irregularities not extending so far as to affect the question of power or jurisdiction in the court to act in the case. On this writ nothing will be investigated except jurisdictional defects. Although, by prosecuting his appeal, writs of error, or *certiorari*, the party may have errors and irregularities reviewed, and the result of his review entitle him to an immediate discharge, it is no ground for his release on *habeas corpus*." Id., p. 227, and note 2, for numerous decisions collated; Ex Parte Schwartz, 2 Texas Ct. App., 74; Ex Parte McGill, 6 Texas Ct. App., 498; Ex Parte Boland, 11 Texas Ct. App., 159.

In McGill's case this court said: "Instead of rendering judgment committing defendant to the custody of the sheriff until the fine and costs were paid, and awarding execution as provided by articles 3311 and 3313, Paschal's Digest, the judgment ordered a *capias pro fine* to issue, and upon this *capias* the defendant was arrested, and as he claims illegally arrested, and restrained of his liberty. In other words, he seeks by means of the writ of *habeas corpus* to have reviewed and corrected a mere irregularity in a judgment rendered against him. This he can not do." Ex Parte McGill, 6 Texas Ct. App., 500, 501.

The failure to order the issuance of execution was but an irregularity, and can not and does not vitiate the judgment, nor impair its force as to finality under the statute. "An irregularity is a disregard of some prescribed rule or mode of proceeding, and consists either in omitting to do some thing necessary to a due and orderly prosecution of the cause, or in doing it at an unseasonable time or in an improper manner." Same authorities.

It is well settled in this State, that if the proceeding under which a party is held in custody or restrained of his liberty is voidable and not void, he can not invoke the remedy afforded by a writ of *habeas corpus*. He must seek his remedy through other channels, and this is usually done by appeal. Ex Parte Boland, 11 Texas Ct. App., 166. It is only when the proceeding is void that the writ of *habeas corpus* may be resorted to. Ex Parte Slaren, 3 Texas Ct. App., 662; Ex Parte Boland, 11 Texas Ct. App., 166, 167.

"When the return to the writ of *habeas corpus* shows a commitment to enforce the payment of a fine imposed by a court, the extent to which the judgment imposing the fine can be investigated is to inquire into the jurisdiction of the court to impose the fine." Ex Parte Boland, 11 Texas Ct. App., 167; Darrah v. Westerlage, 44 Texas, 388.

The petition alleges the judgment is not a final judgment, and is not in accordance with the requisites of the statute, and upon these theories the discharge of the relator is sought. It is clear that the judgment is not void, and therefore can not be attacked in the manner sought to be done by the relator in this case by the writ of *habeas corpus*. The judgment is not only not void, but it is not voidable. The failure of the judgment to order issuance of execution does not detract from its essence of finality. Whether that be embraced in the judgment or not, the judgment is nevertheless a final one and thoroughly capable of enforcement by means of an execution issued thereunder, or it may be enforced by a *capias pro fine*, or by both at the same time. Code Crim. Proc., arts. 809, 810, 813. Terry v. The State, *ante*, p. 408.

The court did not err in sustaining the motion to dismiss the writ. The ruling was correct in remanding the relator to custody, and the judgment is in all things affirmed.

*Affirmed.*

Hurt, J., absent.