Finding no reversible error in the record, the judgment is affirmed.

---

GOLSON v. STATE.    (No. 3731.)

(Court of Criminal Appeals of Texas. Oct. 20, 1915.)

CRIMINAL LAW ⊜═260—APPEAL FROM JUSTICE —FINAL JUDGMENT.

Where, on a complaint charging accused with boarding a freight train with intent to obtain a free ride and without lawful business thereon or the consent of the conductor, he was convicted in justice court and a fine imposed, there was a final judgment, warranting appeal to and trial de novo the county court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 567–609; Dec. Dig. ⊜═260.]

Appeal from Henderson County Court; C. D. Owen, Judge.

L. E. Golson, being convicted in justice court of crime, appealed to the county court, and from a judgment of dismissal, he again appeals. Reversed and remanded.

Miller & Miller, of Athens, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

DAVIDSON, J. This case arose in the justice court, and the conviction there occurred, and a fine of $5 imposed and all costs of court.

The complaint charged the defendant with boarding a freight train on the track of the St. Louis & Southwestern Railway Company, with intent to obtain a free ride, and without any lawful business thereon, and without the consent of the conductor in charge of said train. Motion was made in the county court

to dismiss the appeal for want of final judgment, and sustained by the court. Notice of appeal was given to this court. The Assistant Attorney General asks this court to dismiss this case because there was no final judgment in the justice court, and that the action of the county court in dismissing the appeal was correct. This motion cannot be sustained. The judgment is a sufficient final judgment, and the county court should have entertained jurisdiction and tried the case de novo. Terry v. State, 30 Tex. App. 408, 17 S. W. 1075; Ex parte Dickerson, 30 Tex. App. 448, 17 S. W. 1076; Ex parte Cox, 53 Tex. Cr. R. 241, 109 S. W. 369; Ex parte Williford, 50 Tex. Cr. R. 418, 100 S. W. 919; Ex parte White, 50 Tex. Cr. R. 474, 98 S. W. 850; Ex parte Crawford, 36 Tex. Cr. R. 182, 36 S. W. 92. Some of these cases are not directly in point, but all bear on the question, and all approve Ex parte Dickerson, supra.

For the reasons indicated the judgment is reversed, and the cause remanded for trial de novo in the county court.