James Morris BARBER, Appellant,

v.

The STATE of Texas, Appellee.

No. 35896.

Court of Criminal Appeals of Texas.

Oct. 30, 1963.

Rehearing Denied Jan. 15, 1964.

No attorney on appeal for appellant; George T. Thomas (On Rehearing), Big Spring, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for the felony offense of driving while intoxicated; the punishment, a fine of $500.00.

Appellant entered a plea of nolo contendere before the court without a jury.

Doris Carr testified that she parked her car in front of her house with part of it on the street. Shortly after she entered the house she heard a "smash sound", then went outside where she saw a car which had struck that part of her car which was out on the paved portion of the street, and that the driver of the other car was still in it. While testifying she identified the appellant as the same man she saw in the car that had struck her car in front of her house.

Officer Huson testified that he saw the appellant at the scene of the collision shortly after it occurred; that he observed his general appearance, heard him talk, saw him walk and expressed the opinion that he was intoxicated.

Proof was offered of the prior conviction as alleged and that appellant was the same person so convicted.

The appellant did not testify or offer any evidence.

The appellant and his attorney were present at the hearing on the motion to quash the indictment on January 18, 1963. The trial on the merits was held on January 20, 1963.

Appellant complains of the refusal of his motion to quash the indictment, and the overruling of his objection to the admission in evidence of a certified copy of the prior judgment of conviction. He contends that said judgment was not final, that it was not entered in the minutes at the term in which it was rendered but was entered almost a year later without a nunc pro tunc order.

The clerk of the County Court of the County in which the prior conviction was had testified that the appellant was the same person who entered a plea of guilty in that cause on October 16, 1953, to an information charging the offense of driving while intoxicated. The evidence further shows that a judgment in that cause was rendered, signed by the judge on October 16, 1953, and filed in the cause October 17, 1953, and later entered in the minutes. The testimony of the clerk is indefinite as to the time said judgment was entered in the minutes.

■ At the hearing the appellant did not point out any errors or mistakes in the judgment. In light of the record, it appears that the refusal to quash the indictment which was regular on is face, and the admission in evidence of the certified copy of the prior judgment, regular on its face, was not error.

■ The complaint in the record of the failure of the judge to sign the minutes at the close of the term does not show error. McGowen v. State, 163 Tex.Cr.R. 587, 290 S.W.2d 521; Moye v. State, 153 Tex.Cr.R. 449, 220 S.W.2d 651.

No brief has been filed on behalf of appellant.

■ The evidence is sufficient to support the conviction, and no error appearing, the judgment is affirmed.

Opinion approved by the Courts.

ON MOTION FOR REHEARING

McDONALD, Judge.

While we remain convinced that our disposition of this cause was proper on original submission, in view of appellant's scholarly and thorough brief, a further discussion is deemed proper.

Appellant contends that the judgment in the prior misdemeanor case was not a final judgment, and thus could not provide the basis for the present offense being a felony.

■ While the action of the Clerk of the County Court in waiting as long as a year before performing the ministerial act of entering the judgment into the minutes of the Court is not to be condoned, we cannot agree that reversible error has been committed. The better practice seems to be to enter the judgment contemporaneously with its pronouncement, but delay in making the entry will not invalidate the judgment where no injury is shown to have resulted to the appellant. 16 Tex.Jur.2d Sec. 484; Ex Parte Quong Lee, 34 Tex.Cr. R. 511, 31 S.W. 391.

The provision under Art. 698, Vernon's C.C.P. that " * * * the proper judgment shall be entered immediately" is simply intended to authorize the entry of judgment as soon as practicable, without waiting for the defendant to file motions for new trial, or in arrest of judgment, as was theretofore required. 12 Tex.Jur. Sec. 351; McKinney v. State, 8 Tex.App. 626, 646.

At the hearing the appellant did not point out any errors or mistakes in the judgment nor that he was injured as a result of the late entry. It should also be noted that the minutes of the Court correctly reflected the judgment in the prior misdemeanor cause alleged in the indictment for a number of years prior to the offense in question.

We find the judgment in the misdemeanor offense alleged in the indictment, in the absence of the showing of injury, to be final for the purpose used. See Terry v. State, 30 Tex.App. 408, 17 S.W. 1075, where it is stated, " * * * on the other hand, a judgment is as final when pronounced by the court as when entered and recorded by the clerk," and further, " * * * it is final if it terminates the rights of the parties with reference to the particular suit. It is not necessary that the judgment be upon the merits; if it definitely puts the case out of court, it is final."

Remaining convinced that our original opinion correctly disposed of this cause, appellant's motion for rehearing is overruled.