

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 25, 1972

Honorable W. G. Woods, Jr.
District Attorney
Liberty County
P. O. Box 431
Liberty, Texas 77575

Opinion No. M-1071

Re: Entry of Judgment in
Criminal Cases

Dear Mr. Woods:

This is in response to your recent inquiry in which you posed the following two questions:

1. Does the law require separate forms or drafts of judgments and sentences to be prepared for approval and signature of the trial court in felony cases separate and apart from the entry of the court's pronouncement of judgments and sentences in the minutes and the court's signature certifying to the minutes at the end of the term?

2. If your answer to my first question is affirmative, then whose duty is it to prepare such drafts of judgments and sentences for the court's approval and signature?

Article 37.12, Texas Code of Criminal Procedure, provides:

"On each verdict of acquittal or conviction, the proper judgment shall be entered immediately. . ."

Article 42.01, Texas Code of Criminal Procedure, defines a judgmemt as ". . . the declaration of the Court entered of record. . ."

Article 42.02, Texas Code of Criminal Procedure, defines sentence as follows:

"A 'sentence' is the order of the court in a felony or misdemeanor case made in the presence of the defendant, except in misdemeanor cases where the maximum possible

-5250-

Honorable W. G. Woods, Jr., page 2 (M-1071)

punishment is by fine only, and entered of record, pro-
nouncing the judgment, and ordering the same to be
carried into execution in the manner prescribed by law."

Unlike the procedure in civil cases contained in Rules
300 through 314, Texas Rules of Civil Procedure, the Code of
Criminal Procedure is silent concerning the necessity of a
separate written judgment and sentence in criminal cases.
Review of the decisions of the Court of Criminal Appeals also
reveals nothing determinate of whether the judgment of the
Court may be announced orally and subsequently "entered" in
the written record or must be first reduced to writing and
signed by the Judge and then entered into the record. In
Barber v. State, 374 S.W.2d 246, (Tex.Crim. 1964), the Court
stated:

"While the action of the Clerk of the County
Court in waiting as long as a year before performing
the ministerial act of entering the judgment into
the minutes of the Court is not to be condoned, we
cannot agree that reversible error has been committed.
The better practice seems to be to enter the judgment
contemporaneously with its pronouncement, but delay
in making the entry will not invalidate the judgment
where no injury is shown to have resulted to the
appellant." (Emphasis added.)

Although this case makes it clear that the actual entry
of the judgment in the minutes of the Court is an obligatory
duty of the Clerk, it apparently remains discretionary with
the Court whether or not he should direct the clerk to also
prepare separate written judgments and sentences to be filed
among the papers in each cause. We find no authority for
requiring counsel for the State (or the Defendant) to prepare
such written documents.

S U M M A R Y

In criminal cases it is discretionary with
the Court whether judgments and sentences shall
be announced orally and subsequently entered by
the clerk or prepared in writing by the clerk

Honorable W. G. Woods, Jr., page 3 (M-1071)


and signed before being entered in the minutes.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Howard M. Fender
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Bob Lattimore
Barton Boling
Gilbert Pena
Dunklin Sullivan

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant