Guy Edwin SPARKMAN, Appellant,

v.

The State of Texas, Appellee.

No. 04–00–00727–CR.

Court of Appeals of Texas,
Tyler

Feb. 29, 2000.

Rehearing Overruled Aug. 9, 2000.

Guy Edwin Sparkman, Tyler, TX, Pro Se.

Edward J. Marty, Assistant Criminal District Attorney, Tyler, TX, for Appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J. and WORTHEN, J.

RAMEY, Chief Justice.

Guy Sparkman, Appellant, challenges his conviction for criminal trespass wherein he was found guilty by a jury and sentenced to 180 days in the Smith County Jail. Appellant brings seven issues before this Court. We will modify the judgment and, as modified, affirm and remand the cause.

### SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant claims that he was not a trespasser because he was the substitute trustee of the subject property and sets forth a lengthy statement regarding the incident, claiming that he and his son had title, possession, custody and control of the property. He describes discussions with Young Dai Kim wherein he told Kim of irregularities in the tax foreclosure sale and told Kim that a forcible entry or trespass to try title suit was necessary for Kim to obtain possession of the property. Appellant claims that he and his son were in peaceable possession of the property and that Kim was the "lawless aggressor." Appellant's seventh issue claims that the evidence is insufficient to show that Kim was the owner of the property as alleged in the information.

■ Although Appellant does not expressly differentiate between legal and factual sufficiency challenges, we will construe his claims to include both. When such claims are made, an appellate court is required to address such claims. *See e.g. Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Unfortunately, we cannot review these allegations because the record before us does not include a Reporter's Record. The Appellant must present a sufficient record to demonstrate error which requires reversal. *Guzman v. State*, 923 S.W.2d 792, 795 (Tex.App.—Corpus Christi 1996, no pet.).[1] Without the Reporter's Record, we have no evidence to determine whether Appellant was a trustee as claimed, whether Appellant was in peaceable possession of the property, whether there were, in fact, irregularities in the tax sale, and whether or not Kim was the owner as alleged by the State. Appellant's first and seventh issues are overruled.[2]

### VALIDITY OF THE JUDGMENT

#### 1. Entry of the Judgment.

■ In the first part of his second issue, Appellant claims that this Court is without jurisdiction to hear this appeal because there is no valid judgment and sentence in the record. An examination of the record reveals that the trial judge signed the judgment and sentence on May 7, 1998. Appellant complains that this judgment is void because it was signed after Appellant perfected the appeal to this Court. Appellant further complains that, under Rule 23.1 of the Rules of Appellate Procedure, the trial court was without authority to sign the judgment herein because Appellant had previously perfected his appeal. Rule 23.1 provides that "...unless the defendant has appealed..., a failure to render judgment and pronounce sentence may be corrected at any time by the court's doing so." TEX. R.APP.P. 23.1. Rule 23.1, however, does not address the entry of judgment but provides for judgment *nunc pro tunc* to correct errors in a previously rendered judgment. *Id.*[3] Entry of the judgment contemporaneously with its pronouncement is the better practice, but delay in making the entry will not invalidate the judgment where no injury is shown to have occurred to the defendant. *Barber v. State*, 374 S.W.2d 246, 247 (Tex.Cr.App. 1964). "A judgment is as final when pronounced by the court as when entered and recorded by the clerk...." *Id.* at 248 (citing *Terry v. State*, 30 Tex.App. 408, 17 S.W. 1075).

#### 2. Form of the Judgment.

Appellant next claims the judgment is void for failure to comply with Article 42.01, of the Texas Code of Criminal Procedure. Article 42.01 provides in relevant part as follows:

> Sec. 1. A judgment is the written declaration of the court signed by the trial judge and entered of record

---

1. Mere assertions, such as those contained in Appellant's brief, will not suffice to satisfy the burden. *Freeman v. State*, 828 S.W.2d 179, 181 (Tex.App.—Houston [14th Dist.] 1992, no pet.).

2. Appellant filed an affidavit of indigency and asked for a free reporter's record. Appellant was notified by letter on September 25, 1998, that a hearing would be held on his motion for a free reporter's record. However, Appel-

lant, by letter dated September 28, 1998, advised the trial court that he would not appear at the hearing.

3. A judgment in a criminal case is not a conviction but merely documents the facts and events associated with the process leading to conviction. *See Ex parte George*, 913 S.W.2d 523, 526 (Tex.Cr.App.1995).

showing the conviction or acquittal of the defendant. The sentence served shall be based on the information contained in the judgment. The judgment should reflect:

1. The title and number of the case;
2. That the case was called and the parties appeared, naming the attorney for the state, the defendant, and the attorney for the defendant, or, where a defendant is not represented by counsel, that the defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel;

. . .

14. The date of the offense or offenses and degree of offense for which the defendant was convicted;

. . .

18. The date sentence is to commence and any credit for time served;

. . .

23. The defendant's thumbprint taken in accordance with Article 38.33 of this code;

TEX.CODE CRIM.PROC.ANN. art. 42.01, § 1 (Vernon 1997).

 In the instant case, the judgment fails to state that Appellant intelligently, knowingly and voluntarily waived representation by counsel, fails to show Appellant's thumbprint, fails to state the date sentence is to commence, and fails to state the date of the offense for which Appellant was convicted. However, contrary to Appellant's claim, the failure of the judgment to make these recitals does not render his conviction void nor deprive this court of jurisdiction. *See Porter v. State,* 757 S.W.2d 889, 891 (Tex.App.—Beaumont 1988, no pet.). An appellate court has the power to correct and reform the judgment of the court below when it has the necessary data and information to do so (or make any appropriate order as the law and the nature of the case may require). *See Asberry v. State,* 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *see also* TEX.R.APP.P. 43.6 (Vernon Supp.1999).

On the record before us, we have sufficient information to correct those omitted matters. *See id.* Accordingly, we reform the judgment to reflect as follows:

1. Appellant intelligently, knowingly, and voluntarily waived his right to representation by counsel;
2. The date of the offense for which Appellant was convicted occurred on or about April 22, 1996; and
3. Sentence is to commence on January 9, 1998.

 With regard to the missing thumbprint, Article 42.01 of the Code of Criminal Procedure requires the judgment to have the right thumbprint of a defendant convicted of a misdemeanor affixed to the judgment, said print to be taken in accordance with Article 38.33 of the code. *See* TEX.CODE CRIM.PROC.ANN. art. 42.01, § 1(23) (Vernon 1997). Article 38.33 provides that a court shall order the defendant to place his right thumb print on the judgment or the docket sheet. *See* TEX. CODE CRIM.PROC.ANN. 38.33, § 1 (Vernon 1997). However, Section 2 of that article permits the court to include in the record additional information to identify the defendant. *See* TEX.CODE CRIM.PROC.ANN. art. 38.33, § 2 (Vernon 1997). Appellant's thumbprint appears on his bail bond which is included in the record. However, in the interest of eliminating defects in the judgment, we will sustain Appellant's second issue and remand this cause to obtain Appellant's thumbprint on the judgment as provided by Article 42.01. In all other respects this issue is overruled.

### IMPROPER ASSIGNMENT OF THE TRIAL JUDGE

In his third issue, Appellant complains that the trial judge was without authority to hear the case. We disagree. The Hon. Randall Rogers, elected judge of County Court at Law No. 2 of Smith County, recused himself on his own motion because he had previously prosecuted Appellant. Judge Rogers thereafter requested a visiting judge be appointed by the presiding judge of the administrative region. Judge Pat McDowell, the Presiding Judge of the First Administrative Region, appointed himself to hear the case pursuant to Article 74.056 of the Government Code.

██ Appellant initially asserts that Judge McDowell should not have heard the case because Judge Rogers was not disqualified. As stated, Judge Rogers recused himself because he had previously prosecuted Appellant. This ground would have been insufficient to sustain a motion filed by *Appellant* under Article 30.01 of the Code of Criminal Procedure (judge disqualified where he has been counsel for one of the parties). *See* TEX.CODE CRIM. PROC.ANN. art. 30.01 (Vernon 1999). Here, however, Appellant had not sought to disqualify Judge Rogers; Rogers, on his own motion, voluntarily recused himself. The Code of Judicial Conduct enjoins a judge from trying a case where the appearance of impartiality would not exist. *See* TEX. CODE JUD.CONDUCT, Canons 2, 3. Because he asserted that he had previously prosecuted Appellant, it was not inappropriate for Judge Rogers to recuse himself.

On appeal, Appellant challenges the appointment of Judge McDowell, alleging that Judge McDowell was not properly appointed because Sections 74.091 and 74.092 of the Texas Government Code were not followed. As with Appellant's first and seventh issues, we would review the propriety of Judge McDowell's appointment had Appellant provided a Reporter's Record. However, there is no record before us that would permit us to do so. As stated above, the appellant must present a sufficient record to show error. *Guzman,* 923 S.W.2d at 795. The record before us indicates that Appellant designated matters to be included in the appellate record but such designation does not include the documents necessary to review Appellant's contentions.

██ The record does reflect that Appellant filed a motion to recuse Judge McDowell under Article 30.01 of the Code of Criminal Procedure, claiming *inter alia,* that Judge McDowell could not be fair and impartial and was a member of a conspiracy against Appellant. The motion did not challenge the validity of the appointment. An Appellant may challenge the authority of a trial judge who is otherwise qualified to preside pursuant to assignment by objecting prior to trial but may not object to a procedural irregularity in the assignment of a judge who is otherwise qualified, for the first time on appeal. *Wilson v. State,* 977 S.W.2d 379, 380 (Tex.Cr.App.1998). Appellant's third issue overruled.

### DENIAL OF A FAIR TRIAL AND DUE PROCESS

Appellant's fourth issue claims that he was denied a constitutionally guaranteed and protected fair trial and due process because the trial judge denied Appellant's written request to have the jury set punishment, because of serious official misconduct and irregularities in the compiling of the list of the persons from the jury panel to serve on the jury, because three of the State's witnesses gave false, misleading and deceptive testimony concerning material fact issues, and because Appellant was highly prejudiced by the written instructions to the jury. By combining more than one contention in a single point of error, an appellant risks denial on the ground that the issue is multifarious and presents noth-

ing for review. *Sterling v. State,* 800 S.W.2d 513, 521 (Tex.Cr.App.1990). However, we will review the issues presented.

### 1. Denial of motion for jury to assess punishment.

■ Appellant complains that the trial court erred in denying his election for the jury to assess punishment. The record before us reflects that voir dire commenced on January 5, 1998 and that Appellant's motion for the jury to assess punishment was filed on January 6, 1998. This motion was untimely; it should have been presented to the trial court prior to the commencement of voir dire. *See* TEX. CODE CRIM.PROC.ANN. art. 37.07, § 2(b) (Vernon 1999); *see also Gibson v. State,* 549 S.W.2d 741, 742 (Tex.Cr.App.1977). Sub-part one of Appellant's fourth issue is overruled.

### 2. Misconduct in formation of the jury.

■ Appellant claims that "[t]here is compelling evidence that there was an active and successful scheme involving two or more agents of the State in making the list of jurors." However, as we stated above, there is no Reporter's Record for us to examine the issue or the nature of the alleged scheme nor is there any evidence of any objection on the part of Appellant to the procedure used to draw the jury panel. Accordingly, such a claim of error is waived. *See Stephenson v. State,* 494 S.W.2d 900, 905 (Tex.Cr.App.1973). Sub-part two of Appellant's fourth issue is overruled.

### 3. False and misleading testimony.

■ Appellant makes an allegation that witnesses for the State gave false, misleading and deceptive testimony. In his brief, Appellant fails to identify these witnesses or describe their testimony in any way. Again, we are confronted with the lack of a Reporter's Record which is fatal to Appellant's contention. In addition, Appellant has cited no authority to support his claim. Accordingly, he presents nothing for review. *See Murphy v. Cintas Corp.,* 923 S.W.2d 663 (Tex.App.— Tyler 1996, writ denied). Sub-part three of Appellant's fourth issue is overruled.

### 4. Prejudice from the jury instructions.

■ Appellant complains that the charge of the court to the jury at the end of the guilt/innocence phase of the trial was defective because it referred to the complainant, Young Dai Kim, as the owner of the subject property. The trial court must specifically charge the jury on all the essential elements of the offense set forth in the charging instrument. *Rider v. State,* 567 S.W.2d 192, 195 (Tex.Cr.App. 1978). The charge herein correctly set out the elements of the offense of criminal trespass. *See Day v. State,* 532 S.W.2d 302 (Tex.Cr.App.1976).

Appellant argues that describing Kim as "the owner" was an invasion of privacy and was designed to deny him a fair trial. As stated, there is no record before us to support this assertion. Without such a record, we are unable to determine the basis of Appellant's claim of ownership, whether he has a greater right to possession of the property than Kim, whether any impropriety exists in the charge, and whether Appellant properly brought the same to the attention of the trial judge by way of an objection or request. Sub-part four is overruled and Appellant's fourth issue is overruled in its entirety.

### FAILURE TO PROVIDE A FREE REPORTER'S RECORD

In his fifth and sixth issues, Appellant claims that (1) Judge McDowell did not have authority to hold a hearing on Appellant's request for a free Reporter's Rec-

ord, and (2) Judge McDowell's denial of a free Reporter's Record is not supported by the evidence. We must disagree.

### 1. Judge McDowell's Authority.

Rule 20.2 of the rules of Appellate Procedure provides:

> Within the time for perfecting the appeal, an appellant who is unable to pay for the appellate record may, by motion and affidavit, ask the trial court to have the appellate record furnished without charge. If after hearing the motion, the court finds that the appellant cannot pay or give security for the appellate record, the court must order the reporter to transcribe the proceedings. When the court certifies that the appellate record has been furnished to the appellant, the reporter must be paid from the general funds of the county in which the offense was committed, in the amount set by the trial court.

TEX.R.APP.P. 20.2 (Vernon Supp.1999). Rule 20.2 specifically provides for a hearing on an affidavit of indigency in a criminal case. Judge McDowell was within his authority to hold a hearing on Appellant's motion.

### 2. Denial of a Free Reporter's Record.

It is Appellant's responsibility to make the arrangements and pay for the transcription of the reporter's notes of the trial. *See Daughtrey v. State,* 544 S.W.2d 158, 159 (Tex.Cr.App.1976). An indigent defendant is entitled to a free Reporter's Record on appeal. *See Simmons v. State,* 511 S.W.2d 308, 310 (Tex.Cr.App.1974). However, an appellant who claims indigency and requests a Reporter's Record without charge must exercise due diligence in asserting his indigency including the timely filing of his affidavit, *Warminski v. Dear,* 608 S.W.2d 621 (Tex.Cr.App.1980); *Staten v. State,* 662 S.W.2d 672 (Tex.

App.—Houston [14th] 1983, no pet.). An appellant has until the day he perfects appeal to make a timely written request to the court reporter for a Reporter's Record. *In the Matter of C.M.G.,* 883 S.W.2d 411, 413 (Tex.App.—Austin 1994, no writ). Thus, in order to timely request a Reporter's Record, an appellant must make a written request to the court reporter no later than the date on which he files his affidavit of inability to pay for the same. *Id.*

In the instant case, Appellant timely filed his Application for a Free Appellate Record and attached his affidavit thereto, asserting his indigency and asking for a free Reporter's Record. However, he failed to request the Reporter's Record from the court reporter as provided by Rule 34.6(b)(1) of the Rules of Appellate Procedure, *see* TEX.R.APP.P. 34.6(b)(1), did not request a hearing on his application, and did not appear at the hearing ordered by this Court to determine his desire to prosecute his appeal. This Court ordered the trial court to hold a hearing to determine whether Appellant desired to prosecute his appeal inasmuch as no Reporter's Record was filed in this case. The trial court duly set a hearing on October 2, 1998, as ordered. Although Appellant claims he did not receive a copy of this court's order, he did, however, receive notice of the hearing to be held by the trial court and sent a letter to the trial court's coordinator advising that he did not intend to appear at the hearing. Appellant contended in his letter that, because his motion and affidavit were not contested in writing by the State, he was entitled to a free statement of facts as a matter of law. In support of this contention, Appellant cited Rule 20.1(f) of the Texas Rules of Appellate Procedure which applies to civil cases. *See* TEX.R.APP.P. 20.1. However, Rule 20.2, set forth above, governs free

Reporter's Records in criminal cases. *See* TEX.R.APP.P. 20.2. Despite Appellant's assertions, his filing of his affidavit does not make a prima facie case; he must file the affidavit and then support it with evidence at the hearing. *See Snoke v. State,* 780 S.W.2d 210, 212–13 (Tex.Cr.App.1989); *see also Abdnor v. State,* 712 S.W.2d 136, 141 (Tex.Cr.App.1986). This Court and the trial court afforded Appellant the opportunity to present his case on his motion for a free Reporter's Record but Appellant declined to do so. This was his specific burden and his failure to appear at the hearing waived his complaint as to his status as an indigent. *See Shaw v. State,* 539 S.W.2d 887, 889 (Tex.Cr.App.1976). For all the reasons stated, we hold that the trial court did not err in denying Appellant's application for a free appellate record and therefore Appellant's fifth and sixth issues are overruled. *See Horvath v. State,* 884 S.W.2d 789 (Tex.App.—Fort Worth 1994, no pet.).

The judgment of the trial court is reformed to reflect that Appellant intelligently, knowingly, and voluntarily waived his right to representation by counsel, that the date of the offense for which Appellant was convicted occurred on or about April 22, 1996, and that sentence is to commence on January 9, 1998. As reformed, the judgment of the trial court is *affirmed.* The cause is remanded to the trial court for compliance with Article 42.01, Code of Criminal Procedure, as it applies to affixing Appellant's thumbprint to the judgment.