Gerald Tyrone Turner v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-051-CR
No. 10-02-052-CR

     GERALD TYRONE TURNER,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 382nd District Court
Rockwall County, Texas
Trial Court Nos. 2-00-339 and 2-00-340
                                                                                                                

ABATEMENT ORDER
                                                                                                                

      Gerald Tyrone Turner’s retained counsel has filed a motion to withdraw from representing
him in these appeals. Counsel alleges that Turner is indigent and states that he has asked the trial
court to provide court-appointed counsel. The district clerk has informed the Court that she has
not filed the clerk’s record in these appeals because Turner has not paid her fee for preparation
of the record or made arrangements to pay such fee. We will abate this appeal to the trial court
to resolve the issues surrounding Turner’s asserted indigence.
WITHDRAWAL OF COUNSEL
      Rule of Appellate Procedure 6.5 authorizes an appellate court to permit retained counsel to
withdraw. See Tex. R. App. P. 6.5. Counsel requests permission to withdraw because Turner
is indigent and entitled to court-appointed counsel. If Turner is indigent as counsel alleges, he has
a right to appointment of appellate counsel. See Tex. Code Crim. Proc. Ann. art. 1.051(d)(1)
(Vernon Supp. 2002); Johnson v. State, 894 S.W.2d 529, 532-33 (Tex. App.—Austin 1995, no
pet.). 
      Accordingly, we will abate this appeal to the trial court to determine whether Turner is
indigent. If the court determines that he is indigent, the court shall appoint counsel to represent
him in this appeal. We will defer issuance of a ruling on counsel’s motion to withdraw until the
trial court makes this determination. See Ex parte Axel, 757 S.W.2d 369, 374 n.7 (Tex. Crim.
App. 1988) (“Should there be an issue as to indigency, the judge may require withdrawing trial
counsel to continue to serve through such indigency proceeding, and withhold signing an order
granting leave to withdraw until that bit of business is done.”).
APPELLATE RECORD
      An indigent criminal defendant has a constitutional right to a free appellate record in a first
appeal of right. See Griffin v. Illinois, 351 U.S. 12, 18-19, 76 S. Ct. 585, 590-91, 100 L. Ed.
891, 899 (1956); Abdnor v. State, 712 S.W.2d 136, 139 (Tex. Crim. App. 1986). Rule of
Appellate Procedure 20.2 provides the procedures an indigent appellant must follow to obtain the
record. See Tex. R. App. P. 20.2.
Within the time for perfecting the appeal, an appellant who is unable to pay for the
appellate record may, by motion and affidavit, ask the trial court to have the appellate
record furnished without charge. If after hearing the motion the court finds that the
appellant cannot pay or give security for the appellate record, the court must order the
reporter to transcribe the proceedings.

Id. 
      An indigent appellant who desires a free appellate record must: (1) exercise due diligence in
asserting his indigence by timely filing the required affidavit; and (2) present evidence to sustain
his assertion of indigence in the hearing on the motion. See Gray v. State, 928 S.W.2d 561, 562
(Tex. Crim. App. 1996); Abdnor, 712 S.W.2d at 140-41; Sparkman v. State, 55 S.W.3d 625, 633
(Tex. App.—Tyler 2000, no pet.).
      The Court has received a letter from the district clerk which reads as follows:
Per Rule 35.3 - The trial court clerk is responsible for preparing, certifying, and
timely filing the Clerk’s Record if: (1) a notice of appeal has been filed; and (2) the party
responsible for paying for the preparation of the Clerk’s Record has paid the Clerk’s fee,
has made satisfactory arrangement [sic] with the clerk to pay the fee, or is entitled to
appeal without paying the fee.
 
As of this date, the Clerk’s fee has not been paid, nor have satisfactory arrangements
been made to pay the Clerk’s fee so therefore the Clerk’s record was not timely filed. 
The due date was February 28, 2002.

The district clerk acknowledges that she must file the clerk’s record without payment if the
appellant is indigent. Because she makes no reference to an affidavit of indigence, we may
presume that Turner has not filed one.
      Rule 20.2 requires that such an affidavit be filed within the time for perfecting the appeal. 
See Tex. R. App. P. 20.2. This time has passed. Nevertheless, Rule of Appellate Procedure 2
provides:
On a party’s motion or on its own initiative an appellate court may—to expedite a
decision or for other good cause—suspend a rule’s operation in a particular case and
order a different procedure; but a court must not construe this rule to suspend any
provision in the Code of Criminal Procedure or to alter the time for perfecting an appeal
in a civil case.

Id. 2. The Court of Criminal Appeals has explained the proper operation of Rule 2 thus:
Rule 2(b) is in essence an escape valve to be used by an appellate court when a case
becomes unduly stalled or delayed in the appellate process due to procedural rules, and
the interests of justice compel speeding up the process . . . .

Oldham v. State, 977 S.W.2d 354, 360 (Tex. Crim. App. 1998). 
      Turner’s appeal has become “unduly stalled” because his retained counsel has been less than
diligent in seeking to withdraw from the representation and in ensuring that Turner’s rights as an
indigent are properly and timely asserted. As the Court of Criminal Appeals has stated, “[T]he
absence of [an appellate record] renders appellant’s appeal a ‘meaningless ritual.’” Ward v. State,
740 S.W.2d 794, 800 (Tex. Crim. App. 1987) (quoting Evitts v. Lucey, 469 U.S. 387, 394, 105
S. Ct. 830, 834, 83 L. Ed. 2d 821, 828 (1985)). To give effect to Turner’s appeal, we apply Rule
2 and direct that Turner has thirty days after the date of this Order to file a motion for a free
appellate record supported by an affidavit of indigence. See Tex. R. App. P. 20.2.
CONCLUSION
      The trial court shall hold a hearing on Turner’s indigency within forty-five days after the date
of this Order. If the court finds Turner indigent, the court shall appoint counsel to represent him
on appeal. If Turner files a proper motion and affidavit under Rule 20.2 within the time specified
above, the court shall determine whether Turner is entitled to a free appellate record.
      The trial court shall: (1) conduct any necessary hearings; (2) make and file appropriate
findings of fact and conclusions of law and cause them to be included in the clerk’s record; and
(3) cause the hearing proceedings (if any) to be transcribed and included in the reporter’s record. 
The clerk’s record and reporter’s record are due within sixty days after the date of this Order.

                                                                         PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and 
      Justice Gray
      (Justice Gray dissenting)
Appeal abated
Order issued and filed April 24, 2002
Publish