# NO. 12-14-00048-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JOHNICA LYNN PRYOR,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

---

## *MEMORANDUM OPINION*

Relator, Johnica Lynn Pryor, seeks a writ of mandamus directing the trial court to require its clerk to comply with the court's October 4, 2012 order granting a judgment nunc pro tunc. Relator also implicitly argues that mandamus should issue directing the trial court to vacate the sentence portion of its judgment of conviction because the jury verdict form on punishment specified an incorrect trial court number. We deny the petition.

## BACKGROUND

Relator was convicted of aggravated kidnapping for which he was sentenced to imprisonment for thirty-eight years. The trial court signed its judgment on August 25, 2004, and this court affirmed Relator's conviction. *See generally* **Pryor v. State**, No. 12-04-00301-CR, 2006 WL 2106791 (Tex. App.–Tyler July 31, 2006, pet. ref'd) (mem. op., not designated for publication). The trial court's judgment stated that Relator was convicted of "AGGRAVATED KIDNAPPING (22.04 T.P.C.)." Approximately eight years later, the State filed, and the trial court granted, a motion for judgment nunc pro tunc. As requested by the State in its motion, the trial court ordered that "[t]he Judgment should read: 'Aggravated Kidnapping TPC 20.04.'"

## PREREQUISITES TO MANDAMUS

The court of criminal appeals has characterized mandamus as a "drastic remedy," and cautioned that it is to be invoked only in "extraordinary situations." *State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex. Crim. App.1992) (orig. proceeding). Consequently, mandamus relief is available in a criminal case only when a relator establishes that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

## JUDGMENT NUNC PRO TUNC

In his first issue, Relator contends that the trial court clerk has not complied with the trial court's order granting the judgment nunc pro tunc and mandamus should issue against the trial court directing the court to require her compliance. Relator asserts that the trial court has declined to require compliance even after being made aware of the trial court clerk's failure to perform her ministerial duty. Relator cites no authority supporting his conclusion that mandamus relief is available against the trial court under the facts as Relator has alleged them here. Nevertheless, for purposes of analysis only, we will assume Relator's request is a proper one and address the merits of his petition.

The purpose of a nunc pro tunc judgment is to provide a method for trial courts to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record. *Blanton v. State*, 369 S.W.3d 894, 897-98 (Tex. Crim. App. 2012). Thus, errors in the entry of judgment and sentence can be corrected by a nunc pro tunc entry made in the trial court so that the court's records correctly reflect the judgment required under the law and actually made by the trial court. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007); *Ex parte Hatfield*, 238 S.W.2d 788, 791 (Tex. Crim. App. 1951). Only clerical errors can be corrected by a judgment nunc pro tunc. *Collins*, 240 S.W.3d at 928.

To support his request for relief, Relator has provided a certified copy of the 2004 judgment of conviction. He points out that the copy was certified more than six months after the trial court granted the judgment nunc pro tunc, but the penal code section has not been changed. We interpret this as an argument that the trial court clerk was required to obtain a new judgment which included the correct penal code section.

2

To be effectual, a judgment or order in a criminal case must be entered in the trial court's minutes. **Burns v. State**, 814 S.W.2d 768, 771 (Tex. App.–Houston [14th Dist.] 1991), *rev'd on other grounds*, 861 S.W.2d 878 (Tex. 1992). The making of this entry is a purely ministerial act by the trial court clerk. *See **Barber v. State***, 374 S.W.2d 246, 247 (Tex. Crim. App. 1963) (op. on reh'g). In this case, the trial court ordered that a judgment nunc pro tunc be "entered" changing the penal code section to "TPC 20.04." Relator does not contend that the trial court clerk failed to make the entry. And we are not aware of any procedural rule or other authority requiring a new judgment when a judgment nunc pro tunc is granted. Therefore, Relator has not shown any noncompliance by the trial court clerk. Consequently, he has not shown any further action by the trial court was necessary to make the judgment nunc pro tunc effective.

## ERROR IN VERDICT FORM

In his second issue, Relator calls our attention to the jury verdict form for the punishment phase of his trial. He complains that the trial court case number was 4036, but the verdict form shows it to be 3924.

Relator first states that a judgment of conviction must include "the title and number of the case." *See* TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1(1) (West Supp. 2014). Relying on the placement of these two requirements in the same subsection, he contends that the title and case number are "intertwined." Therefore, his argument continues, "[a]s the Verdict of the Jury stands, [the jury verdict form] being an integral portion of the judgment, [the judgment] does not comport to Article 42.01 § 1.1 of the Texas Code of Criminal Procedure" because of the incorrect case number. As a result of this error, he implicitly urges that the trial court did not have jurisdiction over the punishment phase of the trial and therefore the sentencing portion of its judgment is void.

We first note that, as required by Article 42.01, the judgment in this case correctly states the trial court case number. Moreover, no Texas appellate court has held that an incorrect case number on a jury's verdict form is a jurisdictional defect. In fact, the cases addressing error preservation illustrate that an error in the case number on the jury verdict form is not jurisdictional. *Compare **State v. Dunbar***, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009) (holding that trial court jurisdiction over case is absolute systemic requirement to which ordinary preservation rules are inapplicable) *with **Haagensen v. State***, 346 S.W.3d 758, 767 (Tex. App.–

3

Texarkana 2011, no pet.) (holding that incorrect case number in verdict form in not absolute error and complaint can be forfeited by failure to object). Consequently, we cannot conclude that the sentence portion of the trial court's judgment is void.

## CONCLUSION

Based on the foregoing analysis, we hold that Relator has not shown an abuse of discretion by the trial court. Consequently, he has not shown that he is entitled to mandamus relief. Accordingly, we *deny* Relator's petition for writ of mandamus. All pending motions are dismissed as moot.

**SAM GRIFFITH**
Justice

Opinion delivered October 22, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### OCTOBER 22, 2014

### NO. 12-14-00048-CR

**JOHNICA LYNN PRYOR,**
Relator
v.
**HON. EDDIE NORTHCUTT,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **JOHNICA LYNN PRYOR**, who is the defendant in Cause No. 4036, pending on the docket of the 8th Judicial District Court of Rains County, Texas. Said petition for writ of mandamus having been filed herein on February 12, 2014, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*