

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00052-CR
## NO. 02-14-00053-CR
## NO. 02-14-00054-CR

DOUGLAS BRAY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

## FROM THE 431ST DISTRICT COURT OF DENTON COUNTY
## TRIAL COURT NOS. F-2013-0106-A, F-2013-2036-A, F-2013-2037-A

----------

## ABATEMENT ORDER

----------

Appellant made an open plea of guilty to aggravated assault with a deadly weapon, assault against a public servant, and harassment of a public servant. *See* Tex. Penal Code Ann. §§ 22.01(b)(1), 22.02(b), 22.11(a)(2) (West 2011 & Supp. 2014). The jury assessed appellant's punishment at five years' confinement for the aggravated assault and ten years' confinement for the assault-against-public-servant offense and for the harassment-of-a-public-servant offense. *See id.* §§ 12.33–.34 (West 2011). The jury recommended

community supervision for the public-servant-related offenses, and the trial court suspended the imposition of the ten-year sentences and placed appellant on ten years' community supervision, to run concurrently with his other sentence.

On December 31, 2014, these appeals were submitted to the court as frivolous appeals pursuant to *Anders v. California*. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). In reviewing the tendered brief and supplemental brief, the clerk's record, the supplemental clerk's record, and the reporter's record in each case, as required by *Anders*, we have determined that counsel could have raised at least one arguable issue in each case, namely, ineffective assistance of counsel with regard to trial counsel's having failed to raise (and thereby having failed to preserve for appellate review) a defensive issue with regard to appellant's mental state at the time that he committed the offenses despite having appellant's competency to stand trial assessed and an objection to appellant's sentences as violating the Eighth Amendment's prohibition against cruel and unusual or excessive punishment. Additionally, with regard to cause numbers 02-14-00053-CR and 02-14-00054-CR, counsel could have raised ineffective assistance of counsel with regard to trial counsel's failure to object to the imposition of $4,468.75 in appointed counsel fees as a term or condition of community supervision when the record reflects that appellant was indigent; counsel also could have examined whether conviction of both of these offenses, involving the same public servant and the same encounter, violated the Fifth Amendment's

2

multiple punishments prohibition, and whether this needed to be preserved as an argument for appeal.

Without expressing a view as to whether reversible error is actually shown in the records before us, or whether there are other arguable issues that counsel could have raised, we conclude that appellant's court-appointed counsel should have provided full briefing on the merits rather than by way of *Anders*. Because we have determined that the record in each case supports at least one arguable issue, we are obligated to order the trial court to appoint new counsel to represent appellant. *See Penson v. Ohio*, 488 U.S. 75, 83–84, 109 S. Ct. 346, 351–52 (1988); *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (stating that if grounds are deemed arguable, the court of appeals must abate the appeal and remand the case to the trial court with orders to appoint other counsel to present the arguable grounds and any others that might support the appeal).

Therefore, we grant counsel's motions to withdraw, abate the appeals, and remand these causes to the trial court for the appointment of new counsel. A supplemental clerk's record containing the trial court's order appointing new counsel in each cause shall be filed in this court on or before **February 13, 2015**. Upon our receipt of the supplemental records, the appeals shall be automatically reinstated, and the court will set briefing deadlines.

While these cases are on remand in the trial court, the trial court shall also:

1. Modify the judgments in all three cause numbers by obtaining appellant's thumbprint in accordance with code of criminal procedure articles 38.33 and 42.01. *See* Tex. Code Crim. Proc. Ann. art. 38.33 (West 2005), art. 42.01, § 1(13), (23) (West Supp. 2014); *see also Norton v. State*, 434 S.W.3d 767, 773–74 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (ordering trial court to modify judgment to include thumbprint); *Sparkman v. State*, 55 S.W.3d 625, 629 (Tex. App.—Tyler 2000, no pet.) (remanding case to the trial court to obtain appellant's thumbprint on judgment); and

2. Modify the judgment in trial court cause number F-2013-2036-A to reflect that appellant was convicted of third-degree felony assault against a public servant under penal code section 22.01.

The clerk of this court shall transmit a copy of this order to appellant, the attorneys of record, the trial court judge, the trial court clerk, and the court reporter.

DATED January 14, 2015.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

GABRIEL, J., concurs.

4