**Darlene S. HORVATH, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–94–035–CR.**

Court of Appeals of Texas, Fort Worth.

June 21, 1994.

Ruth A. Kollman, Dallas, for appellant.

Betty Marshall, Fort Worth, for State.

Before WEAVER, DAY and HICKS, JJ.

## OPINION

PER CURIAM.

Darlene Horvath appeals from the trial court's judgment finding her guilty of driving while intoxicated and assessing her punishment at 120 days in jail, probated for 24 months, and a $550 fine. Horvath pled not guilty, but the jury found her guilty. Thereafter, she and the State arrived at an agreement on punishment and the trial court assessed punishment in accordance with the agreement. We affirm.

Although Horvath is represented by a retained attorney, the statement of facts was

not timely filed herein. In accordance with TEX.R.APP.P. 53(m), the clerk of our court notified the parties the statement of facts was not filed. When no response was received, this court abated the appeal and remanded the cause to the trial court for a hearing to determine why no statement of facts had been filed. At that hearing, Horvath's retained counsel testified she had given notice of appeal right after sentencing, and had advised Horvath to get in touch with her within the next few days to make arrangements to proceed on her appeal. When the attorney did not hear from Horvath, she filed a motion for new trial, primarily to extend the time period to contact Horvath. Although the attorney attempted to contact Horvath by phone and mail, and through her employment, all efforts failed. Horvath never made any payment to have the statement of facts prepared, so her attorney could not proceed on the appeal.

The trial court found: (1) Horvath was properly and diligently advised of her appellate rights, (2) appellate counsel represented Horvath at trial highly competently, (3) counsel was diligent and competent in pursuing this appeal and effectively represented Horvath on appeal, (4) counsel made a reasonable and diligent effort to apprise Horvath of the hearing on abatement, and (5) Horvath has neglected her responsibilities in pursuing the appeal.

The trial court concluded that, absent a "yet-to-be-discovered reason" for Horvath's failure to act, it appears Horvath does not wish to pursue her appeal or should not be permitted to do so due to her conscious disregard of her obligations.

Because it appears the lack of a statement of facts is due solely to Horvath's failure to communicate with her attorney or to pay for the statement of facts, we conclude the appeal should be submitted on the transcript, without briefs. Compare this holding with TEX.R.APP.P. 74($l$)(2), which allows for submission of appeals without briefs.

We have reviewed the entire transcript. The indictment and judgment appear to be in satisfactory form. We find no error in the jury charge on guilt. Horvath's attorney filed several motions to suppress evidence,

but the trial court overruled them all. Without having any record of the evidence presented at these hearings, or even a record of argument regarding the motions, we cannot say the trial court erred in overruling the motions.

Because we are unable to find any reversible error in the record of this appeal, we affirm the judgment of the trial court.