Shaw-SE v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-176-CR
&
No. 10-95-177-CR

     STEVEN EVERETT SHAW,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Criminal Court No. 6
Dallas County, Texas
Trial Court Nos. MA94-34688-G & MB94-34689-G
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      In cause number 10-95-176-CR, a jury found Steven Shaw guilty of resisting arrest and
assessed punishment of 240 days confinement in the Dallas County jail and a $500 fine. Tex.
Penal Code Ann. § 38.03 (Vernon 1994). In cause number 10-95-177-CR, the same jury found
him guilty of evading arrest or detention and assessed punishment of 180 days in jail and a $500
fine. Id. § 38.04. Because no statement of facts was filed, we abated these appeals for a hearing
in the trial court to determine whether Shaw is now indigent and, if Shaw is not indigent, whether
he has failed to make necessary arrangements for obtaining a statement of facts and filing the
briefs. Tex. R. App. P. 53(m), 74(l)(2), 83. After a hearing, the trial court made findings of fact
and conclusions of law and forwarded those findings and conclusions to us as supplemental
transcripts. The court found that Shaw was not indigent and that the statement of facts had not
been filed "due to a dereliction of duty on [Shaw]'s part." Additionally, the court found that Shaw
had not been deprived of a statement of facts because of ineffective assistance of counsel.
      Because it appears that the lack of a statement of facts is due solely to Shaw's failure to pursue
these appeals, we concluded that they should be submitted on the transcripts. Id. 53(m); Horvath
v. State, 884 S.W.2d 789, 790 (Tex. App.—Fort Worth 1994, no pet.). We notified Shaw's
attorney that we would consider the appeals on the transcripts alone and instructed him to file
briefs. No briefs have been filed. Normally, we would be required to abate these appeals for
hearings in the trial court to determine why Shaw's briefs have not been filed. Tex. R. App. P.
74(l)(2). However, because the court found that Shaw is not indigent and has failed to make the
necessary arrangements for prosecuting his appeals, we conclude that an second abatement would
be a useless act. Therefore, justice requires that we consider these appeals without the benefit of
a brief on Shaw's behalf. Id.; Horvath, 884 S.W.2d at 790; see also Coleman v. State, 774
S.W.2d 736, 738-39 (Tex. App.—Houston [14th Dist.] 1989, no pet.).
      We have reviewed the contents of the transcripts, as they are presented to us. The
information and judgment in cause number 10-176-CR appear to be in satisfactory form. We note
that in cause number 10-177-CR the State attempted to amend the information to strike the
allegation that Shaw fled from a peace officer lawfully attempting to "arrest" him. However, this
change was not physically made on the information itself, thus the court's order granting the
amendment was ineffective. Tex. Code Crim. Proc. Ann. art. 28.10 (Vernon Supp. 1989);
Ward v. State, 829 S.W.2d 787, 793 (Tex. Crim. App. 1992). However, absent a statement of
facts, we can not judge the effect of this potential error. Montoya v. State, 906 S.W.2d 528, 529
(Tex. Crim. App. 1995); Ward, 829 S.W.2d at 795.
      Having found no reviewable complaints in the transcript, we affirm the judgments. 
  
                                                                                     PER CURIAM
Before Justice Cummings, and
            Justice Vance
Affirmed
Opinion delivered and filed May 8, 1996
Do not publish