NO. 07-12-0109-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 30, 2012
_____

SILVERIO DELGADO-GUTIERREZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242nd DISTRICT COURT OF HALE COUNTY;

NO. B18797-1104; HONORABLE ED SELF, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Silverio Delgado-Gutierrez (appellant) filed a notice of appeal from his conviction for arson. Subsequently, we received requests for extensions of time from both the court reporter and the clerk to file their respective records. The requests were founded upon appellant's failure to request preparation of the records or his failure to pay or make arrangements to pay for the records. Furthermore, counsel for appellant filed a motion to withdraw on April 26, 2012. He informed us that the location of his client was unknown and that his diligent efforts to find him were unsuccessful. These

circumstances led the court to abate the appeal to the trial court. The latter was then asked to determine whether appellant 1) desired to prosecute this appeal, 2) was indigent and, therefore, entitled to a free record and appointed counsel on appeal, and 3) had absconded from the jurisdiction of the state. Though the clerk's record has been filed with this court, the reporter's record remains outstanding.

Upon our abatement, the trial court convened a hearing in attempt to garner information needed to address our inquiries. Thereafter, it filed its findings. They consist of the following: 1) by written order, appellant was ordered to appear in person for a hearing scheduled on May 18, 2012, to determine whether he wished to pursue his appeal, 2) counsel for appellant, David Martinez, received a copy of the order setting a hearing, 3) appellant had received community supervision as punishment for his conviction of arson and had been released to the Hale County Community Supervision and Corrections Department, 4) counsel for appellant timely sent written notice to appellant of the hearing scheduled May 18th, 5) the trial court timely sent written notice to appellant at his last known address, 6) the Hale County Community Supervision and Corrections Department unsuccessfully attempted to contact appellant regarding the need for his presence at the hearing, 7) appellant's current whereabouts are unknown to the probation department, 8) on the day of the hearing, appellant failed to appear, 9) the State and appellant's attorney did appear at the hearing, 10) at this time, appellant is a fugitive whose whereabouts are unknown, and 11) at this time, it is unknown to the court whether appellant wishes to pursue his appeal.

To date, neither the reporter's record nor any indication that appellant endeavored to secure a reporter's record has been received by this court. Nor do we

2

have any indication, aside from his notice of appeal, that he desires to continue the proceeding. Nor do we have any indication that anyone, other than appellant, is responsible for the inaction. Yet, rather than dismiss for want of prosecution, we opt to follow a procedure we adopted in *Vieira v. State,* No. 07-95-0072-CR (Tex. App.– Amarillo February 22, 1996) (not designated for publication) and submit the case on the clerk's record and without briefs. TEX. R. APP. P. 38.8(b); *see Horvath v. State*, 884 S.W.2d 789, 789-90 (Tex. App.–Fort Worth 1994, no pet.) (acknowledging this as an appropriate course of action in circumstances akin to those at bar).

We have reviewed the entire clerk's record and found no reversible error. The indictment, jury charge and judgment appear valid and satisfactory. Pretrial motions were filed, heard and ruled on. The State timely filed appropriate notices and responses to discovery. Additionally, the punishment assessed was within the range applicable to the type of felony for which appellant was convicted, that being a felony of the first degree.[1] Furthermore, the trial court found, in its judgment, that appellant was able to pay attorney's fees and ordered him to pay attorney's fees in the amount of $750.00.

Accordingly, we affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Publish.

---

[1]Punishment assessed by the jury was five years in prison and no fine. However, his sentence was probated for a period of ten years.

3