

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00112-CR

WILLIAM RAYMOND SHAW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 2
Potter County, Texas
Trial Court No. 130,293, Honorable Pamela Cook Sirmon, Presiding

December 13, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

William Raymond Shaw, appellant, was convicted of driving while intoxicated and received probation. An appeal was perfected from that conviction and assigned cause No. 07-11-00462-CR. We dismissed the matter, for want of prosecution, via opinion on February 10, 2012 after perusing the clerk's record for issues of arguable merit and finding none. *See Shaw v. State*, No. 07-11-0462-CR, 2012 Tex. App. LEXIS 1146 (Tex. App.—Amarillo 2012, no pet.) (not designated for publication). No one petitioned

the Court of Criminal Appeals to review our dismissal, and our mandate issued on June 5, 2012.

Once all the deadlines applicable to seeking review of this court's disposition of the appeal lapsed, appellant, through counsel acting *pro bono* (*i.e.,* John Bennett), filed an application for a writ of habeas corpus with the County Court at Law No. 2 of Potter County. Therein, appellant prayed that the trial court "order an out-of-time appeal either of the underlying conviction or of the indigency determination."[1] That application was denied, and from the order so denying it, appellant, via his *pro bono* counsel, appealed. Thereafter, the same *pro bono* counsel filed an *Anders* brief and moved to withdraw. We affirm.

Simply put, appellant sought through the writ of habeas corpus something he already pursued, that is, an appeal of the misdemeanor conviction. The appeal was timely perfected and remained on our docket until he opted to forego compliance with court directive and prosecute the matter as any diligent party would be required to do. And, before dismissing the matter for want of prosecution, we undertook effort to investigate the limited record before us and determine whether any arguable issues appeared therein and merited the continuation of the appeal, despite appellant's lack of diligence and compliance. None was found. Having opted to forgo the prosecution of a previous appeal or contest our dismissal of it for want of prosecution, appellant wants to again directly appeal his conviction. We know of no authority allowing an appellant to perfect two direct appeals (one timely and the other untimely) from the same judgment or conviction. Nor have we been cited to any.

---

[1] The trial court found that appellant had not shown himself to be an indigent.

Indeed, the information imparted to us via the *Anders* brief of counsel suggests that even if he was granted another opportunity, the result would be the same. According to *pro bono* counsel, ". . . the appellant has absconded; . . . [he] simply left the jurisdiction and [drove] to Georgia, where his vehicle broke down, so [he] hitch-hiked to Florida and is, at last report, living in a homeless shelter there." We have construed similar conduct as indicative of the desire not to prosecute the appeal. *See Delgado-Gutierrez v. State*, 369 S.W.3d 909 (Tex. App.—Amarillo 2012, no pet.). Accordingly, we cannot fault the trial court in denying appellant that which he already received.

We affirm the order denying appellant relief and deny counsel's motion to withdraw as moot.

Per Curiam

Do not publish.