**Order filed July 10, 2014**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00512-CR
_____

### RONALD CROW, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 21st District Court**
**Washington County, Texas**
**Trial Court Cause No. 16373**

## ORDER

Appellant is represented by retained counsel, Sylvia Cedillo. No reporter's record or brief has been filed. The trial court has previously determined that appellant is not indigent for purposes of a free record or appointment of counsel on appeal. Rule 38.8 provides that we will not dismiss or consider the appeal without a reporter's record or brief unless it is shown the appellant no longer desires to prosecute his appeal or that he is not indigent and has failed to make necessary arrangements for filing a brief. Tex. R. App. P. 38.8. The rule further provides that

under appropriate circumstances, "the appellate court may consider the appeal without briefs, as justice may require." Tex. R. App. P. 38.8 (b)(4).

A hearing has already been held as required under Rule 38.8. At that hearing, the trial court found that appellant is not indigent. On May 30, 2014, this court ordered appellant to make sufficient payment for the reporter's record and to file the record on or before July 3, 2014. On July 7, 2014, Wendy L. Kirby, the official court reporter for the 21st District Court notified this court that the payment she received is insufficient as a deposit toward the reporter's record. Because the trial court has already held one hearing to make the findings required under Rule 38.8, and we can find nothing in the rules or case law that requires this court to send this matter back to the trial court a second time, we decline to do so.

Therefore, we ORDER appellant to file a reporter's record in this appeal on or before August 14, 2014. If appellant fails to file a reporter's record as ordered, we will decide this appeal upon the record before the court. *See Delgado-Gutierrez v. State*, 369 S.W.3d 909, 910–11 (Tex. App.—Amarillo 2012, no pet.) (affirming conviction on clerk's record alone where appellant failed to file reporter's record or brief after being properly admonished); *Coleman v. State*, 774 S.W.2d 736, 738–39 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (holding that former rule 74(*l*)(2) (now Rule 38.8(b)) permitted an appeal to be considered without briefs "as justice may require" when a pro se appellant has not complied with the rules of appellate procedure).

PER CURIAM