**Gerald Tyrone TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 10–02–051–CR, 10–02–052–CR.**

Court of Appeals of Texas,
Waco.

April 24, 2002.

Reed Prospere, Dallas, for appellant.

Galen Ray Sumrow, Rockwall County District Attorney, Rockwall, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ABATEMENT ORDER

PER CURIAM.

Gerald Tyrone Turner's retained counsel has filed a motion to withdraw from representing him in these appeals. Counsel alleges that Turner is indigent and states that he has asked the trial court to provide court-appointed counsel. The district clerk has informed the Court that she has not filed the clerk's record in these appeals because Turner has not paid her fee for preparation of the record or made arrangements to pay such fee. We will abate this appeal to the trial court to resolve the issues surrounding Turner's asserted indigence.

## WITHDRAWAL OF COUNSEL

Rule of Appellate Procedure 6.5 authorizes an appellate court to permit retained counsel to withdraw. *See* Tex.R.App. P. 6.5. Counsel requests permission to withdraw because Turner is indigent and entitled to court-appointed counsel. If Turner is indigent as counsel alleges, he has a right to appointment of appellate counsel. *See* Tex.Code Crim. Proc. Ann. art. 1.051(d)(1) (Vernon Supp.2002); *Johnson v. State,* 894 S.W.2d 529, 532–33 (Tex. App.—Austin 1995, no pet.).

Accordingly, we will abate this appeal to the trial court to determine whether Turner is indigent. If the court determines that he is indigent, the court shall appoint counsel to represent him in this appeal. We will defer issuance of a ruling on counsel's motion to withdraw until the trial court makes this determination. *See Ex parte Axel,* 757 S.W.2d 369, 374 n. 7 (Tex.Crim.App.1988) ("Should there be an issue as to indigency, the judge may require withdrawing trial counsel to continue to serve through such indigency proceeding, and withhold signing an order granting leave to withdraw until that bit of business is done.").

## APPELLATE RECORD

An indigent criminal defendant has a constitutional right to a free appellate record in a first appeal of right. *See Griffin v. Illinois,* 351 U.S. 12, 18–19, 76 S.Ct. 585, 590–91, 100 L.Ed. 891, 899 (1956); *Abdnor v. State,* 712 S.W.2d 136, 139 (Tex. Crim.App.1986). Rule of Appellate Procedure 20.2 provides the procedures an indigent appellant must follow to obtain the record. *See* Tex.R.App. P. 20.2.

Within the time for perfecting the appeal, an appellant who is unable to pay for the appellate record may, by motion and affidavit, ask the trial court to have the appellate record furnished without charge. If after hearing the motion the court finds that the appellant cannot pay or give security for the appellate record, the court must order the reporter to transcribe the proceedings. *Id.*

An indigent appellant who desires a free appellate record must: (1) exercise due diligence in asserting his indigence by timely filing the required affidavit; and (2) present evidence to sustain his assertion of indigence in the hearing on the motion. *See Gray v. State,* 928 S.W.2d 561, 562

(Tex.Crim.App.1996); *Abdnor*, 712 S.W.2d at 140–41; *Sparkman v. State*, 55 S.W.3d 625, 633 (Tex.App.—Tyler 2000, no pet.).

The Court has received a letter from the district clerk which reads as follows:

> Per Rule 35.3—The trial court clerk is responsible for preparing, certifying, and timely filing the Clerk's Record if: (1) a notice of appeal has been filed; and (2) the party responsible for paying for the preparation of the Clerk's Record has paid the Clerk's fee, has made satisfactory arrangement [sic] with the clerk to pay the fee, or is entitled to appeal without paying the fee.
>
> As of this date, the Clerk's fee has not been paid, nor have satisfactory arrangements been made to pay the Clerk's fee so therefore the Clerk's record was not timely filed. The due date was February 28, 2002.

The district clerk acknowledges that she must file the clerk's record without payment if the appellant is indigent. Because she makes no reference to an affidavit of indigence, we may presume that Turner has not filed one.

Rule 20.2 requires that such an affidavit be filed within the time for perfecting the appeal. *See* Tex.R.App. P. 20.2. This time has passed. Nevertheless, Rule of Appellate Procedure 2 provides:

> On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure; but a court must not construe this rule to suspend any provision in the Code of Criminal Procedure or to alter the time for perfecting an appeal in a civil case.

*Id.* 2. The Court of Criminal Appeals has explained the proper operation of Rule 2 thus:

> Rule 2(b) is in essence an escape valve to be used by an appellate court when a case becomes unduly stalled or delayed in the appellate process due to procedural rules, and the interests of justice compel speeding up the process....

*Oldham v. State*, 977 S.W.2d 354, 360 (Tex. Crim.App.1998).

■ Turner's appeal has become "unduly stalled" because his retained counsel has been less than diligent in seeking to withdraw from the representation and in ensuring that Turner's rights as an indigent are properly and timely asserted. As the Court of Criminal Appeals has stated, "[T]he absence of [an appellate record] renders appellant's appeal a 'meaningless ritual.' " *Ward v. State*, 740 S.W.2d 794, 800 (Tex.Crim.App.1987) (quoting *Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834, 83 L.Ed.2d 821, 828 (1985)). To give effect to Turner's appeal, we apply Rule 2 and direct that Turner has thirty days after the date of this Order to file a motion for a free appellate record supported by an affidavit of indigence. *See* Tex.R.App. P. 20.2.

### CONCLUSION

The trial court shall hold a hearing on Turner's indigency within forty-five days after the date of this Order. If the court finds Turner indigent, the court shall appoint counsel to represent him on appeal. If Turner files a proper motion and affidavit under Rule 20.2 within the time specified above, the court shall determine whether Turner is entitled to a free appellate record.

The trial court shall: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact and conclusions of law and cause them to be included in the clerk's record; and (3) cause the hearing proceedings (if any) to be transcribed and included in the reporter's record. The

clerk's record and reporter's record are due within sixty days after the date of this Order.

Justice GRAY dissenting.

GRAY, Justice, dissenting.

This is the second motion to withdraw that has been filed by counsel. The first was denied by the Fifth Court of Appeals before this case was transferred to this court. The motion was denied because it was defective. This motion is also defective. Counsel does not assert that Turner has been notified of his right to object to the motion. TEX.R.APP. P. 6.5.

Further, the motion offers no reason that the motion should be granted. While it does assert that Turner is indigent, it does not assert that Counsel has not already been paid for the services or that there is some compelling reason that counsel should be released from his agreement to represent Turner.

The motion also erroneously asserts that granting the motion will not work a delay. It already has caused a delay and ordering this cause abated will cause further delay. According to the motion, the trial court is waiting on our decision on the motion to withdraw before the trial court acts on the motion to appoint counsel. We are now waiting on the trial court before we decide the motion.

I would deny the motion and order retained counsel to prepare and file appellant's brief, thus compelling counsel to deal with the situation he has created. Because the majority does not, I respectfully dissent.

The issue of a free record is not currently before us. I would not address it and do not join the majority's discussion related thereto.