IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00273-CR

No. 10-07-00274-CR

No. 10-07-00275-CR

 

Candace Marie Grams,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 82nd District Court

Falls County, Texas

Trial Court Nos. 8317, 8333-1,
and 8333-2

 



ABATEMENT ORDER



 

            Before the Court is Candace Marie
Grams’s unopposed motion to abate these appeals to the trial court for an
indigence hearing.[1]  We
will grant the requested relief.

            According to the motion, a dispute has
arisen with the court reporter regarding the amount owed for the preparation of
the reporter’s record.[2] 
Grams alleges that the court reporter initially estimated her fee to be
approximately $12,000[3] and
that they  negotiated a payment plan whereby her family would make a $4,000
down payment and execute a note for monthly payments of $500[4]
until paid in full.  Several months later however, the court reporter advised
that the actual fee was approximately $17,000 and a different payment plan
needed to be negotiated.

            Grams filed an affidavit of indigence
when she perfected these appeals.  See Tex.
R. App. P. 20.2.  The trial court deferred a ruling on this affidavit
after the initial payment plan was negotiated by the parties.  Grams contends
that she has no additional resources available to pay the court reporter.  She
requests that this Court abate this appeal for the trial court to reconsider
her indigence affidavit.  According to a certificate of conference, the State
does not oppose Grams’s request for an abatement but does intend to contest her
claim of indigence.

 “An indigent criminal defendant has a
constitutional right to a free appellate record in a first appeal of right.”  Scott
v. State, 80 S.W.3d 184, 190 (Tex. App.—Waco 2002, pet. ref’d) (citing Griffin
v. Illinois, 351 U.S. 12, 18-19, 76 S. Ct. 585, 590-91, 100 L. Ed. 891, 899
(1956); Abdnor v. State, 712 S.W.2d 136, 139 (Tex. Crim. App. 1986)).  Rule
of Appellate Procedure 20.2 provides the procedures an indigent appellant must
follow to obtain the record.  See
Tex. R. App. P. 20.2; Scott, 80 S.W.3d at 190.  Grams filed an
indigence affidavit in compliance with Rule 20.2.  Therefore, we will abate
this appeal for a hearing in the trial court to determine whether Grams is
indigent.  See Turner v. State, 71 S.W.3d 928, 930 (Tex. App.—Waco 2002,
order, no pet.) (per curiam).

If the trial court finds that Grams is indigent,
the court shall direct that the remainder of the monies owed the court reporter
be paid from the general funds of the county.  See Tex. R. App. P. 20.2.  If the trial
court determines that she is not indigent, the court shall advise her that she
must make payment arrangements with the court reporter.

The trial court shall, within thirty days after
the date of this Order: (1) conduct the hearing; (2) cause a court reporter to
make a record of the hearing; (3) make appropriate orders and findings of fact
and conclusions of law; and (4) deliver any orders and findings of fact and
conclusions of law to the trial court clerk.

            The trial court clerk shall file a supplemental
clerk’s record containing any orders and findings of fact and conclusions of
law within fifty days after the date of this Order.  The court reporter shall
likewise file a supplemental reporter’s record containing a transcription of
the indigence hearing within fifty days after the date of this Order.

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal abated

Order issued and filed January
23, 2008

Do not publish

 








 









[1]
              Grams also requests an
extension of time for the filing of the appellant’s brief.  We will defer a
ruling on that request until the issue of Grams’s indigence is resolved.

 





[2]
              The reporter’s record has
already been filed with the Clerk of this Court.

 





[3]
              This is the sum set forth in
Grams’s motion to abate.  However, a letter from the court reporter attached to
Grams’s motion as Exhibit “C” indicates that the initial estimate was
“approximately $13,000.”

 





[4]
              The court reporter’s letter
states that the monthly payments were to be $550.