IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00412-CR

 

James Monroe Lang,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 85th District
Court

Brazos County, Texas

Trial Court No. 05-06031-CRF-85

 



ABATEMENT ORDER



 








            Appellant James
Monroe Lang’s counsel has filed a motion to withdraw combined with a motion for
appointment of counsel.  Counsel explains that he seeks withdrawal because he
has not been paid for his services, and he requests that counsel be appointed
to represent Lang.  We will deny the motion because: (1) it does not comply
with the requirements of the appellate rules; and (2) this Court does not have
authority to appoint counsel.  Instead, we will abate this appeal to the trial
court for a hearing to determine whether counsel should be permitted to
withdraw and whether other counsel should be appointed.

            Counsel’s motion
to withdraw does not comply with the requirements of Rule of Appellate
Procedure 6.5.  See Tex. R. App.
P. 6.5.  Specifically, counsel does not state in the motion that he
provided a copy of the motion to Lang or notified him in writing of his right
to object to the motion.  Id. 6.5(a)(3), (4).  Accordingly, the motion
to withdraw is denied.

            Counsel contends
that Lang is indigent and entitled to court-appointed counsel.  According, to
the clerk’s record, Lang had court-appointed trial counsel.  However, his
indigent status at trial does not automatically establish indigence for appeal. 
See Whitehead v. State, 130 S.W.3d 866, 874 (Tex. Crim. App. 2004) (“The
indigency determination is made on a case-by-case basis as of the time the
issue is raised and not as of some prior or future time.”).  Therefore, if the
trial court permits counsel to withdraw, then the court must determine whether
Lang is indigent and thus entitled to court-appointed counsel.[1]  See Tex. Code Crim. Proc. Ann. art. 1.051(d)(1) (Vernon Supp.
2008); Turner v. State, 71 S.W.3d 928, 929 (Tex. App.—Waco 2002, order,
no pet.).

            Accordingly, we
abate the appeal to the trial court for a hearing to determine: (1) whether
Lang’s counsel should be permitted to withdraw; and (2) whether Lang is
indigent.  If Lang is found indigent, then the court should: (1) appoint
counsel to represent him unless he waives the right to counsel; and (2) direct
the court reporter to furnish the reporter’s record without charge.

The trial court shall conduct the
hearing within 30 days after the date of this order.  The trial court
clerk shall file a supplemental clerk’s record containing any orders or
findings made by the court within 45 days after the date of this order.

If Lang is found indigent, the court
reporter shall prepare the entire reporter’s record for this appeal (including
the abatement hearing) without charge and file the reporter’s record within 60
days after the date of this order.  If Lang is not found indigent, the court
reporter shall file a limited reporter’s record from the abatement hearing
within 45 days after the date of the order.

 

PER CURIAM

 

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Appeal abated

Order issued
and filed March 4, 2009

Do not publish

[CR25]









[1]
              We also note that
the reporter’s record has not yet been filed.  According to counsel, it has not
been filed because it has not been paid for.  If Lang is found indigent, then
he will be entitled to have the reporter’s record furnished without charge.  See
Tex. R. App. P. 20.2; Turner
v. State, 71 S.W.3d 928, 929 (Tex. App.—Waco 2002, order, no pet.).