

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-13-00201-CR

## IN RE ISRAEL RODRIGUEZ

_____

## Original Proceeding

_____

## MEMORANDUM OPINION

_____

Israel Rodriguez, a prison inmate, petitions this Court to issue a writ of mandamus directing the Judge of the 40th District Court of Ellis County, to rule on Rodriguez's motion requesting a free copy of the record in his underlying convictions. There are many procedural problems with Rodriguez's petition. However, because Rodriguez is not entitled to the relief requested, we overlook these problems and use Rule 2 to suspend the rules and proceed to a timely disposition. *See* TEX. R. APP. P. 2.

Rodriguez asserts that he was convicted in 2009 for two counts of aggravated assault with a deadly weapon and placed on deferred adjudication community supervision. He also asserts that his community supervision was revoked in 2011. It

appears that he did not appeal his revocation. We have no record of an appeal. Further, his ability to appeal his convictions has expired. *See* TEX. R. APP. P. 26.2. Rodriguez asserts that he has recently unsuccessfully attempted to collaterally attack his conviction by post-conviction habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West xxxx). In this petition, Rodriguez argues that he is entitled to a free record to pursue an additional writ of habeas corpus and relies on case law and rules pertaining to an initial right of appeal.

An indigent criminal defendant has a constitutional right to a free appellate record in a *first appeal of right*. *Griffin v. Illinois*, 351 U.S. 12, 18-19, 76 S. Ct. 585, 590-91, 100 L. Ed. 891, 899 (1956) (emphasis added), *Abdnor v. State*, 712 S.W.2d 136, 139 (Tex. Crim. App. 1986); *Turner v. State*, 71 S.W.3d 928, 929 (Tex. App.—Waco 2002, order). The rules of appellate procedure regarding the proper manner for an indigent defendant to obtain the record are applicable to an initial appeal, not an original proceeding. *See* TEX. R. APP. P. 20.2. A defendant is not entitled to a free copy of the record after exhausting his initial appeal in the absence of a specific, compelling reason. *See In re Strickhausen*, 994 S.W.2d 936, 937 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding); *Eubanks v. Mullin*, 909 S.W.2d 574, 576-77 (Tex. App.—Fort Worth 1995, orig. proceeding). *See also In re Robinson*, No. 10-10-00456-CR, 2011 Tex. App. LEXIS 412 (Tex. App.—Waco Jan. 19, 2011, orig. proceeding).

The time for Rodriguez to appeal his convictions has passed. Thus, he is not entitled to an initial appeal. Further, because he contends only that he is entitled to a free copy of the record based on case law and rules pertaining to an initial appeal, Rodriguez has not presented a specific, compelling reason for his entitlement to a free record.

Accordingly, Rodriguez's petition for writ of mandamus is denied. His request for leave to file his petition for writ of mandamus is dismissed as moot. *See* TEX. R. APP. P. 52, Notes and Comments ("The requirement of a motion for leave in original proceedings is repealed.").

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Petition denied
Motion dismissed
Opinion delivered and filed July 11, 2013
[OT06]