

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00110-CR

_____

MICHAEL EARITT WHITE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Lamar County, Texas
Trial Court No. 60286

Before Morriss, C.J., Carter and Moseley, JJ.

# O R D E R

Although Michael Earitt White's notice of appeal has been on file with this Court since June 2013, no record has yet been filed. Thus, the only information we have about White's case comes from representations to this Court from White and the court reporter. Based on those representations, it appears that White may want to appeal, to claim indigency, and to have a court-appointed attorney pursue his appeal for him. In the absence of a record, among the uncertainties in this case are whether White has had an indigency hearing in the trial court, whether the trial court accepted or rejected White's claim of indigency, and whether any such decision of the trial court still stands.

The events related to this appeal, as we understand them, are set out below:

June 20: White filed his pro-se notice of appeal with this Court, to which was attached a copy of the certification of his right to appeal.

July 3: The court reporter informed White of the cost of preparing the record and informed us that, although White had filed an affidavit of indigency, White was found not indigent and was thus responsible for obtaining and paying for preparation of a record and retaining counsel.

August 30: We wrote to White notifying him of the reporter's information of July 3 and warning White that, if he did not move forward with efforts to obtain a record, the case could be subject to dismissal.

September 18: White filed a motion with this Court requesting a thirty-day extension in that he was "making efforts to see if [he could] appeal the court's decision of not allowing [him] a court appointed attorney."

October 14: We wrote White again, acknowledging the receipt of his motion of September 18 but also recognizing that, although another month had elapsed, White had made no apparent effort to proceed with his appeal. We again warned White of the consequences of failing to obtain a record and of his failure to make any effort to proceed with his appeal.

October 24: White informed this Court that, despite the trial court's pretrial determination of White's indigence, White was later found not to be indigent by the trial court, based on the same information previously used by that court.

An indigent criminal defendant has a constitutional right to a free appellate record in a first appeal of right. *See Griffin v. Illinois*, 351 U.S. 12, 18–19 (1956); *Abdnor v. State*, 712 S.W.2d 136, 139 (Tex. Crim. App. 1986). Rule 20.2 of the Texas Rules of Appellate Procedure provides the procedures an indigent appellant must follow to obtain the record:

> Within the time for perfecting the appeal, an appellant who is unable to pay for the appellate record may, by motion and affidavit, ask the trial court to have the appellate record furnished without charge. If after hearing the motion the court finds that the appellant cannot pay or give security for the appellate record, the court must order the reporter to transcribe the proceedings.

TEX. R. APP. P. 20.2. An indigent appellant who desires a free appellate record must (1) exercise due diligence in asserting his or her indigence by timely filing the required affidavit, and (2) present evidence to sustain the assertion of indigence in the hearing on the motion. *Whitehead v. State*, 130 S.W.3d 866 (Tex. Crim. App. 2004); *Turner v. State*, 71 S.W.3d 928, 930 (Tex. App.—Waco 2002, order); *Sparkman v. State*, 55 S.W.3d 625, 633 (Tex. App.—Tyler 2000, no pet.).

In contrast, the right to an attorney is a "waivable-only" right; and, in the absence of a waiver, the courts have an affirmative obligation to ensure that an indigent appellant has counsel. *Whitehead*, 130 S.W.3d at 877.

Based on the foregoing, we abate this case to the trial court for findings on the following questions and for any additional needed orders. The trial court shall, within twenty days after the date of this order, hold any needed hearing and receive any evidence required to make the

3

following findings, to the extent such have not yet been the subject of a hearing. To the extent the issues have already been heard, the trial court shall use the previously heard evidence to make its findings on the following questions:

1. Does White wish to appeal?
2. Does White wish to have counsel on appeal or does he wish to represent himself?
3. Is White indigent?
4. If indigent, does White wish a free record on appeal and has he made appropriate requests for such free record?

If White is indigent and desires counsel on appeal, appoint him counsel on appeal. If not indigent, yet desiring counsel on appeal, White shall have thirty days, from the date of those findings by the trial court, within which to retain counsel and inform this Court of counsel's identity and address.

All related hearings, past or new, shall be transcribed and reported in a reporter's record to be filed with this Court within thirty days after the date of this order or twenty days after the date of any new hearing, whichever is later. All findings and orders of the trial court responsive to this order or any previous findings and orders related to these issues shall be made within twenty days after the date of this order and shall be filed with this Court in the form of a clerk's record within thirty days after the date of this order. Pending the return of the appeal to this Court's jurisdiction, all appellate timetables are stayed.

IT IS SO ORDERED.

BY THE COURT

Date: December 12, 2013

4