

IN THE
TENTH COURT OF APPEALS

_____

No. 10-17-00090-CR

IN RE JERMAINE JONES

_____

Original Proceeding

## MEMORANDUM OPINION

Jermaine Jones, a prison inmate, petitions this Court to issue a writ of mandamus directing the Judge of the 54th District Court of McLennan County to vacate the judge's order denying Jones's motion for a free copy of the record in his underlying conviction and order the judge to hold a hearing on Jones's motion. There are procedural problems with Jones's petition such as, Jones did not serve the respondent, the trial court judge, or the real party in interest, the State. *See* TEX. R. APP. P. 9.5; 52.2. However, because Jones is not entitled to the relief requested, we overlook this and other problems and use Rule 2 to suspend the rules and proceed to a timely disposition. *See* TEX. R. APP. P. 2.

Jones argues that he is entitled to a free record to pursue a writ of habeas corpus and is entitled to a hearing on his motion for a free record. An indigent criminal defendant has a constitutional right to a free appellate record in a first appeal of right.

*Griffin v. Illinois*, 351 U.S. 12, 18-19, 76 S. Ct. 585, 590-91, 100 L. Ed. 891, 899 (1956) (emphasis added), *Abdnor v. State*, 712 S.W.2d 136, 139 (Tex. Crim. App. 1986); *Turner v. State,* 71 S.W.3d 928, 929 (Tex. App.—Waco 2002, order). However, a defendant is not entitled to a free copy of the record after exhausting his initial appeal in the absence of a specific, compelling reason. *See In re Strickhausen*, 994 S.W.2d 936, 937 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding); *Eubanks v. Mullin*, 909 S.W.2d 574, 576-77 (Tex. App.—Fort Worth 1995, orig. proceeding). *See also In re Robinson*, No. 10-10-00456-CR, 2011 Tex. App. LEXIS 412 (Tex. App.—Waco Jan. 19, 2011, orig. proceeding). Jones has not presented a specific, compelling reason for his entitlement to a free record.

Accordingly, Jones's petition for writ of mandamus is denied; his motion for leave to file his petition for writ of mandamus is dismissed as moot, *see* TEX. R. APP. P. 52, Notes and Comments ("The requirement of a motion for leave in original proceedings is repealed."); and his motion to suspend the rule requiring additional copies of the petition is dismissed as moot.

TOM GRAY
Chief Justice



Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Pet. denied
Motions dismissed
Opinion delivered and filed April 19, 2017
Do not publish
[OT06]