

# IN THE
# TENTH COURT OF APPEALS

### No. 10-04-00212-CR

**CHARLES M. CONNER,**

                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                    **Appellee**

---

**From the 159th District Court**
**Angelina County, Texas**
**Trial Court No. 24254**

## PUBLISHED ORDER

Appellant was indicted in Angelina County on December 18, 2003 for two counts of aggravated sexual assault of a child. He was tried and convicted on both counts and sentenced to 99 years in prison and a $10,000 fine on each count.

His appeal was transferred to this Court from the Ninth Court of Appeals pursuant to a docket equalization order. His conviction was affirmed on April 13, 2005 in an opinion authored by Justice Bill Vance, with Chief Justice Gray and Justice Reyna being the other members of the panel. *Conner v. State*, No. 10-04-00212-CR, 2005 Tex.

App. Lexis 2839 (Tex. App.—Waco Apr. 13, 2005, pet. ref'd) (not designated for publication). This Court's mandate issued on July 18, 2005 and has not been recalled. Conner was granted relief by an article 11.07 application for writ of habeas corpus for an out-of-time petition for discretionary review. *Ex parte Conner*, No. AP-75,715, 2007 Tex. Crim. App. Unpub. LEXIS 1222 (Tex. Crim. App. June 27, 2007). His petition for discretionary review was denied on October 10, 2007, over 12 years ago.

On August 12, 2019, the Court received a document from Conner inquiring about the cost of obtaining a copy of the appellate record and various other documents including the appellate briefs and the Court's opinions. The Court responded by providing the requested information, including the number of pages for the specific documents requested and the total cost of copies of these specific documents.

In a motion dated August 21, 2019 and received on August 30, 2019, which was designated for filing and has been filed in his 2004 appeal for which the mandate issued on July 18, 2005, Conner wants the Court to provide him free copies of a litany of documents. Specifically, he seeks free copies of the documents identified in his above described August 12, 2019 document and of other documents far in excess of the documents identified in the August 12, 2019 document, many of which this Court would never have because they are not part of the appellate record.[1]

Conner argues in the motion that as a pauper and, based on his need for the

---

[1] In a document dated September 23, 2019, which the Court received on September 25, 2019, Conner attempted to check on the status of his motion. The Court replied to his status check on October 3, 2019 but erroneously advised Conner that the Court had no record of the motion.

records to pursue an article 11.07 application for writ of habeas corpus, that he is entitled to free copies of the requested documents. This is similar to many such requests this Court routinely receives from inmates. The requests come in various forms directed to various State officials in various procedural wrappings. Some of these requests are letters, some are in the form of petitions for a writ of mandamus, and some, like this one from Conner, come as motions filed in an appeal well after the mandate has issued. These requests are variously directed to the trial court clerk, the trial court judge, the appellate court clerk or, as in this case, the appellate court.

The merits of the issue of the entitlement to free copies was addressed by this Court in an unpublished memorandum opinion, *In re Jones*, No. 10-17-00090-CR, 2017 Tex. App. LEXIS 3445 (Tex. App.—Waco Apr. 19, 2017, orig. proceeding). We note that we were able to address the merits of the issue in that proceeding because it came to us in the form of a petition for writ of mandamus to compel a trial court judge to order that a free copy of the record be provided to the relator, Jones. In *Jones*, we stated:

> Jones argues that he is entitled to a free record to pursue a writ of habeas corpus and is entitled to a hearing on his motion for a free record. An indigent criminal defendant has a constitutional right to a free appellate record in a first appeal of right. *Griffin v. Illinois*, 351 U.S. 12, 18-19, 76 S. Ct. 585, 590-91, 100 L. Ed. 891, 899 (1956) (emphasis added), *Abdnor v. State*, 712 S.W.2d 136, 139 (Tex. Crim. App. 1986); *Turner v. State*, 71 S.W.3d 928, 929 (Tex. App.—Waco 2002, order). However, a defendant is not entitled to a free copy of the record after exhausting his initial appeal in the absence of a specific, compelling reason. *See In re Strickhausen*, 994 S.W.2d 936, 937 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding); *Eubanks v. Mullin*, 909 S.W.2d 574, 576-77 (Tex. App.—Fort Worth 1995, orig. proceeding). *See also In re Robinson*, No. 10-10-00456-CR, 2011 Tex. App. LEXIS 412 (Tex. App.—Waco Jan. 19, 2011, orig. proceeding). Jones has not presented a specific, compelling reason for his entitlement to a free record.

*Id.* Jones's petition for writ of mandamus was, therefore, denied.

In this proceeding, however, we are presented with a motion filed in a closed appeal. Our jurisdiction is determined by statute. Unless a party has brought their request to us in a procedural vehicle of which we have jurisdiction, we have no option other than to dismiss the request for relief, regardless of what relief is requested. *See* TEX. GOV'T CODE ANN. § 22.221(a) ("Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court."). Our jurisdiction is not based on whether the appeal is precluded by law, but whether it is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008).

Because no statute gives this Court jurisdiction to rule on a motion such as the one filed by Conner requesting free copies of the record long after the Court's mandate has issued, thus ending any jurisdiction we have in the direct appeal, we must, and do hereby, dismiss Conner's motion for free copies of the documents requested.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Motion dismissed
Order issued and filed October 30, 2019
Publish
[RWO]

